IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal no.: JRR-22-296 |
| EDWARD BURTON, | * | (Related Civil no.: JRR-23-335) |
| Defendant. | * | |

…oOo…

## GOVERNMENT'S MOTION TO REQUIRE DISCLOSURE OF ATTORNEY-CLIENT COMMUNICATIONS AND WORK PRODUCT TO THE GOVERNMENT

The United States of America, by and through its undersigned attorneys, hereby moves this Court for the entry of an Order requiring the disclosure of certain attorney-client communications, materials, and attorney work product. These materials all relate to issues raised by defendant Edward Burton in his Motion to Vacate, Set Aside or Correct Sentence. ECF No. 23. As grounds for this Motion, the Government states as follows:

### INTRODUCTION

On February 6, 2023, the defendant, Edward Burton, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255, alleging that his former counsel, Steven Levin, Esquire, was constitutionally ineffective. *See* ECF No. 23. Specifically, Burton claims that he received ineffective assistance of counsel regarding his right to an appeal, chain of custody of the evidence, and facts he admitted to in the Stipulated Facts section of his plea agreement. *Id*.

As part of the necessary process for preparing a response to the Defendant's Motion, undersigned counsel for the Government has determined that it will be necessary to obtain information from Defendant's counsel regarding the Defendant's ineffective assistance of counsel allegations. To obtain such information from Defendant's prior counsel, an Order from this Court

is necessary so as to avoid interfering with the Defendant's rights under the attorney-client privilege.

## ARGUMENT

When a defendant claims that he received ineffective assistance of counsel, he waives the attorney client privilege with respect to those communications in the context of litigating the ineffective assistance of counsel claim. *See United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010), *citing Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"); *see also United States v. Pinson,* 584 F.3d 972, 977-78 (10th Cir. 2009) (attorney-client privilege waived where defendant claims ineffective assistance); *In re Lott,* 424 F.3d 446, 452-453 (6th Cir. 2005) (attorney-client privilege waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001) (by alleging ineffective assistance of counsel, defendant "put at issue-and thereby waived-any privilege that might have applied to the contents of his conversations with those attorneys"). The waiver need not be broader than needed "to ensure the fairness of the proceedings" before the court and "tailored … to the needs of the opposing part in litigating the claim in question. *Bittaker,* 331 F.3d at 720.

In *Butler v. United States*, No. CR DKC 12-0116, 2016 WL 1427090, at *3 (D. Md. Apr. 12, 2016), a court in this district found that a Section 2255 motion had waived the attorney client privilege and ordered former defense counsel to provide the United States with an affidavit and supporting documentation responding to the allegations raised in the Section 2255 motion. There are multiple other cases in this Circuit where courts have ordered prior counsel to provide an

affidavit addressing factual matters inherently at issue as a result of the habeas petition. *See, e.g., Young v. United States,* 2013 WL 2468623 (S.D.W.Va. June 7, 2013); *Belcher v. United States*, 2012 WL 5386564, *3-4 (S.D. W.Va. Nov. 1, 2012); *Wadford v. United States*, 2011 WL 3489808 (D.S.C. Aug. 9, 2011); *Dunlap v. United States*, 2011 WL 2693915 (D.S.C., Jul. 12, 2011); b*ut see Hicks v. United States*, WL 5441679 (S.D. W.Va. Dec. 28, 2010).

Accordingly, in this case, Burton has waived his attorney-client privilege on the specific allegations he has made in his motion. That waiver applies to his communications with Mr. Levin, and any related attorney work-product and material regarding the issues raised in his motion.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court find that defendant Edward Burton has waived his attorney-client privilege with respect to the communications, documents, and attorney work product necessary to prove or disprove his ineffective assistance claims in his Motion to Vacate, Set Aside or Correct Sentence. The Government further requests that this Court issue an Order requiring the disclosure of certain attorney-client communications, materials, and attorney work product of Mr. Levin with regard to the Defendant's ineffective assistance of counsel claims.

Respectfully submitted,

Erek L. Barron
United States Attorney


_____/s/_____
Ari Evans
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June 2023, the foregoing Government's Motion to Require Disclosure of Attorney-Client Communication and Work Product to the Government and proposed Order were filed via the CM/ECF filing system, and copies were mailed, first-class, postage prepaid, to: Edward Burton, # 24045-510, FCI Fort Dix, PO Box 2000, Joint Base MDL, NJ 08640.

/s/
Ari Evans
Assistant United States Attorney